UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XI LIAO; QDGO EXPRESS,

                        Plaintiffs,

            -against-

USPS RICHMOND VA,

                        Defendant.

1:25-CV-5729 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Xi Liao and QDGO Express bring this *pro se* action seeking unspecified relief. They sue "USPS Richmond VA," which the Court understands to be the United States Postal Service ("USPS").[1] Their claims seem to arise from an alleged breach of contract on the part of the USPS. Plaintiffs allege that, on September 4, 2022, they transported goods from a USPS facility in Sandston, Virginia, to a location in Chicopee, Massachusetts, but that the USPS "bre[a]ched the contract by failing to pay" for services. (ECF 1, at 4.) They also allege that no items were damaged "during transportation and the goods were delivered on time, and received a delivery certificate recognized by the post office." (*Id.*) For the reasons discussed below, the Court transfers this action to the United States Court of Federal Claims.

## DISCUSSION

The Court understands this action to be a breach-of-contract action brought against the USPS. Both the United States District Courts and the United States Court of Federal Claims have

---

[1] The complaint commencing this action is signed by Plaintiff Liao and QDGO Express. The one *in forma pauperis* application filed in this action is signed only by Plaintiff Liao. Thus, it appears that Plaintiff Liao is attempting to assert claims *pro se* on behalf of QDGO Express.

original concurrent jurisdiction to consider certain claims against the United States of America,

including those:

> not exceeding $10,000 in amount, founded . . . upon any express or implied
> contract with the United States . . . except that the district courts shall not have
> jurisdiction of any civil action or claim against the United States founded upon
> any express or implied contract with the United States . . . which are subject to
> [review under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101-7109].

28 U.S.C. § 1346(a)(2); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims

shall have jurisdiction to render judgment upon any claim against the United States founded . . .

upon any express or implied contract with the United States. . . ."); *see also Cohen v. Postal*

*Holdings, LLC*, 873 F.3d 394, 400-01 (2d Cir. 2017). In this context, the USPS is considered part

of the federal government—the United States of America. *See Cohen, LLC*, 873 F.3d at 400

(quoting *USPS v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004)).

> The United States Court of Appeals for the Second Circuit has noted that:

> [t]he CDA creates a remedial scheme whereby persons wishing to bring a
> contract-based claim against the federal government must first submit their claim
> in writing to a contracting officer, 41 U.S.C. § 7103(a)(1)-(2), who "shall issue a
> decision in writing," *id*. § 7103(d). A "contracting officer's decision on a claim is
> final and conclusive and is not subject to review by any forum, tribunal, or
> Federal Government agency," except as authorized by the CDA itself. *Id.*
> § 7103(g). The CDA provides that, within 90 days of receipt of a contracting
> officer's decision, an aggrieved contractor may either appeal a decision by a
> contracting officer to the relevant board of contract appeals, *see id.* § 7104(a), or
> "bring an action directly on the claim in the United States Court of Federal
> Claims," *id.* § 7104(b)(1). The CDA "established" a board of contract appeals
> within the USPS called the Postal Service Board of Contract Appeals. 41 U.S.C.
> § 7105(d)(1). In each instance, further review may be had in the United States
> Court of Appeals for the Federal Circuit. *See id.* § 7107(a)(1)(A).

*Id.* at 401. The Second Circuit has further held "that the CDA grants the Court of Federal Claims

exclusive jurisdiction over contract claims against the USPS." *Id.* at 402; *Bowles v. USPS*, No.

5:13-CV-0080, 2014 WL 12729330, at *2 (D. Vt. Jan. 3, 2014) ("There is no dispute that the

claim in this case centers on a contract with the USPS. There is also no dispute that the contract

is governed by the [CDA]. . . . Subject matter jurisdiction under the CDA is limited, however, as the CDA grants exclusive jurisdiction to the United States Court of Federal Claims. Accordingly, this court has no jurisdiction to hear this case." (citations omitted)). In addition, it has been held that the abovementioned "exhaustion requirement in the CDA is a claims processing rule, not a restriction on the Court of Claims' jurisdiction." *Port Auth. of N.Y. & N.J. v. USPS*, 673 F. Supp.3d 247, 251 (E.D.N.Y. 2023) (footnote omitted).

> When a civil action is filed in a federal court that lacks jurisdiction of that action:
>
> the court shall, if it is in the interest of justice, transfer such action . . . to any other such [federal] court . . . in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631. Because the United States Court of Federal Claims has exclusive jurisdiction over contract claims against the USPS, *see Cohen, LLC*, 873 F.3d at 402, including the claims in this action, this court lacks subject matter jurisdiction of such claims. In the interest of justice, however, the Court transfers this action to that court. *See* § 1631; *Port Auth. of N.Y. & N.J.*, 673 F. Supp.3d at 251 ("The effect of this is that the Court of Claims does have jurisdiction over this case . . . and it can be transferred under 28 U.S.C. § 1631."); *Bowles*, 2014 WL 12729330, at *2-3.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States Court of Federal Claims. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C.§ 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 15, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge